# IN THE COURT OF APPEALS OF IOWA

No. 24-0080
Filed April 9, 2025

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**TYLER JOHN GOODE,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Becky Goettsch, Judge.

The defendant challenges his guilty plea and sentence after pleading guilty to domestic abuse assault causing injury. **APPEAL DISMISSED.**

Jacob Heard of Iowa Defenders, PLLC, Clive, for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee.

Considered without oral argument by Ahlers, P.J., Badding, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**POTTERFIELD, Senior Judge.**

As part of a global plea agreement involving five cases, Tyler Goode pled guilty to domestic abuse assault causing injury in SRCR373877—the only case at issue in this appeal.[1] Among other things, the State agreed to recommend a term of incarceration with all but sixty days suspended and for the sentences imposed in SRCR373877 and AGCR376051 to be served concurrently. The district court accepted Goode's guilty plea and, in case SRCR373877, sentenced him to one year of incarceration with all but sixty days suspended to be served concurrently with the sentence imposed in AGCR376051.

Here on appeal, Goode argues he entered his guilty plea involuntarily and the prosecutor breached the plea agreement by not making the sentencing recommendations to which they agreed. Because Goode appeals following a guilty plea to a serious misdemeanor, he needs good cause. *See* Iowa Code §§ 708.2A(2)(b) (categorizing a first offense of domestic abuse assault causing bodily injury as a serious misdemeanor); 814.6(1)(a)(3) (limiting the right of appeal from a guilty plea to a crime other than a class "A" felony to instances "where the defendant establishes good cause"). And it is Goode's burden to establish that he has good cause. *See State v. Treptow*, 960 N.W.2d 98, 108 (Iowa 2021).

"Good cause" is not defined by statute. *See id.* But our supreme court has interpreted "good cause" to mean a "legally sufficient reason." *Id.* at 109 (citation

---

[1] Goode's plea agreement also involved an *Alford* plea for first-degree harassment in AGCR376051; he was sentenced to a two-year prison term in that case. Goode challenged that sentence in a separate appeal, which was already decided by a panel of this court. *See generally State v. Goode*, No. 24-0082, 2025 WL 700836 (Iowa Ct. App. Mar. 5, 2025).

omitted). "By definition, a legally sufficient reason is a reason that would allow a court to provide some relief." *Id.*

Because he did not file a motion in arrest of judgment, we cannot provide Goode relief on his claim his guilty plea was involuntary.[2] *See* Iowa R. Crim. P. 2.24(3)(a)(2) (2024) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); *Treptow*, 960 N.W.2d at 109 ("[The defendant's] failure to file a motion in arrest of judgment precludes appellate relief.").

We also cannot provide Goode relief on his claim the prosecutor breached the plea agreement. We recognize this claim is actually a challenge to the sentence. *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021) (concluding defendant had good cause to bring claim prosecutor breached plea agreement because it involved a claim the prosecutor's actions tainted the sentencing proceedings). And we generally find good cause for the appeal when a defendant challenges their sentence. *See, e.g.*, *State v. Davis*, 969 N.W.2d 783, 785 (Iowa 2022) ("We have found a defendant generally has good cause to appeal as a matter of right when the defendant challenges his sentencing hearing or the

---

[2] As part of his written guilty plea, Goode asked for immediate sentencing and waived his right to file a motion in arrest of judgment. *See State v. Evans*, No. 23-0558, 2024 WL 4039571, at *1 (Iowa Ct. App. Sept. 4, 2024) (finding the defendant's failure to file a motion in arrest of judgment precluded appellate relief where the defendant requested immediate sentencing and waived the motion, even though advisory was inadequate if sentencing were to occur later); *cf. State v. Hightower*, 8 N.W.3d 527, 536 (Iowa 2024) (holding that "unlike defendants who request and receive immediate sentencing," appellate relief was not precluded for a defendant who received an inadequate motion-in-arrest-of-judgment advisory and did not file the motion where the defendant was not sentenced immediately).

sentence itself."). But Goode has not "assert[ed] a claim on appeal for which an appellate court potentially could provide relief." *State v. Newman*, 970 N.W.2d 866, 869 (Iowa 2022). In the only case at issue in this appeal, Goode received the sentence he asked for—a term of incarceration with all but sixty days suspended served concurrent to the sentence in AGCR376051. *Cf. State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (concluding a defendant has good cause to challenge their sentence when it is a "a discretionary sentence that was neither mandatory *nor agreed to as part of her plea bargain*" (emphasis added)). Goode's real complaint is with the sentence he received in AGCR376051, in which the court ordered him to serve a two-year prison sentence rather than suspending most of the term. But not only is the sentence in AGCR376051 not before us here, Goode has already unsuccessfully challenged that sentence. *Goode*, 2025 WL 700836, at *2. Put another way, even if Goode was successful on his claim the prosecutor breached the plea agreement, we could not give him the relief he seeks—the prison term ordered in AGCR376051 would not be affected.

Because there is no potential we could provide Goode relief on either of his claims, he lacks good cause to bring this appeal. "If good cause is lacking, the court has no jurisdiction, and the appeal must be dismissed." *State v. Rutherford*, 997 N.W.2d 142, 144 (Iowa 2023).

**APPEAL DISMISSED.**